UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

A.S., AN INDIVIDUAL, Case No. ____________

Plaintiff,

vs.

G6 HOSPITALITY PROPERTY LLC,

Defendant.

**COMPLAINT FOR DAMAGES;**

**DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff A.S. by and through the undersigned counsel and respectfully submits her complaint for damages and makes the following averments.

## INTRODUCTION

1. This action for damages is brought by A.S. ("Plaintiff"), a survivor of sex trafficking, under the Federal William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"), 18 U.S.C. § 1595.

2. G6 HOSPITALITY PROPERTY LLC ("Defendant") was the hotel owner and hotel operator of the subject hotel premises, each operating as Motel 6, located at 4760 Euclid Road, Virginia Beach, Virginia 23462 ("Subject Hotel"), during the relevant time period that Defendant owned and operated said property, and as such was responsible for the Subject Hotel during the time period Plaintiff was sex trafficked on said premises.

3. Plaintiff was trafficked at the Subject Hotel intermittently from April 2020 through September 4, 2020, during which time Defendant owned and operated the property.

4. During the relevant time period, Defendant was the owner and operator of the Subject Hotel premises.

5. Plaintiff meets the definition of a sex trafficking victim under the TVPRA. She was trafficked at the Subject Hotel as an adult intermittently from April 2020 through September 4, 2020, during which time she was induced through force, fraud, and coercion, including physical assault, by her trafficker to engage in commercial sex with sex buyers on Defendant's Subject Hotel premises.

6. As a hotel owner and hotel operator of the Subject Hotel, Defendant controlled the training, policies, and decisions on implementation and execution of anti-trafficking policies, protocol, rules and guidelines for said property where Plaintiff was sex trafficked.

7. The passage of the Trafficking Victims Protection Act ("TVPA") in 2000 and the passage of the TVPRA in 2008, as well as numerous other legislative initiatives, put Defendant on notice of the high likelihood of sex trafficking occurring on hotel premises, which at a minimum warranted Defendant to be vigilant and proactive in preventing such conduct.

8. Years before Plaintiff was trafficked, Defendant knew or should have known of the critical role that the hotel industry plays in enabling sex trafficking and of the widespread national epidemic of hotel and motel sex trafficking. By 2012, training guides and videos were available through the American Hotel Lodging Association (AHLA), ECPAT-USA, and via other resources.

9. Section 1591 of the TVPRA criminalizes sex trafficking of adults by force, fraud or coercion. 18 U.S.C. § 1591. Separately, § 1595 of the TVPRA provides individuals who are victims of sex trafficking with a civil remedy against the traffickers or the beneficiaries of the sex trafficking crime. 18 U.S.C. § 1595(a). More specifically, § 1595 provides for three distinct causes of action: (1) a claim against the trafficker who directly violated § 1591(a)(1); (2) a beneficiary claim against a trafficker who directly violated § 1591(a)(2); and (3) a beneficiary claim against a civil defendant who did not violate § 1591, but who "knowingly benefit[ed], financially or by receiving anything of value from

participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter." 18 U.S.C. § 1595(a). This action asserts the third cause of action, i.e., a beneficiary claim against a civil defendant.

## PARTIES

10. Due to the sensitive, private, and potentially retaliatory nature of the allegations herein, Plaintiff's full name is not contained in this Complaint to protect the safety, privacy, and identity of this sex trafficking victim. Nationwide similarly situated Plaintiffs have proceeded by pseudonym or by their initials due to the foregoing.

11. Plaintiff is currently a resident of Virginia.

12. At all times relevant and material, Defendant owned and operated a hotel doing business as Motel 6 at 4760 Euclid Road, Virginia Beach, Virginia 23462, and was authorized to do, licensed to do, and was doing business in the Commonwealth of Virginia offering the Subject Hotel as a place of public lodging.

13. The principal place of business of Defendant is 4001 International Parkway, Carrollton, Texas 75007.

## JURISDICTION AND VENUE

14. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution, laws, or treaties of the United States, namely 18 U.S.C. § 1595.

15. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendant's principal place of business is located at 4001 International Parkway, Carrollton, Texas 75007, within the Eastern District of Texas. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

16. As the hotel owner and hotel operator during the relevant time period for the Subject Hotel, Defendant G6 HOSPITALITY PROPERTY LLC, headquartered at 4001 International Parkway, Carrollton, Texas 75007 within the Eastern District of Texas, controlled the training, policies, and decisions on implementation and execution of anti-trafficking policies, protocol, rules and guidelines for the Subject Hotel where Plaintiff was sex trafficked.

## CAUSE OF ACTION

## VIOLATION OF 18 U.S.C. § 1595 ("TVPRA")

17. Plaintiff sets forth an action for violation of 18 U.S.C. § 1595 as against Defendant.

18. At all relevant times, Defendant, as owner and operator of the Subject Hotel, was involved in the staffing and operation of said property where Plaintiff was trafficked for sex as an adult during the relevant aforesaid time periods.

19. Plaintiff was trafficked by her trafficker, a male individual known to Plaintiff as "Mark," who operated a commercial sex trafficking and controlled substance enterprise at the Subject Hotel premises.

20. Rooms rented for the trafficking of Plaintiff were rented by the trafficker or at the direction of the trafficker at the Subject Hotel during the relevant time period, including, at times, rooms registered in the name of Plaintiff and paid for in cash and prepaid card.

21. At times, two rooms were rented simultaneously and requested to be corner rooms adjacent to one another, a pattern consistent with organized sex trafficking.

22. Discovery will inform whether the trafficker, or individuals at the trafficker's direction, booked rooms at the Subject Hotel using the registrant's proper legal name or a false name, whether cash or prepaid card was used at the time of booking, and whether Defendant's staff required identification at booking.

23. Defendant knowingly benefited from the sex trafficking of Plaintiff at Defendant's hotel by receiving payment for the rooms rented by her trafficker (or at the direction of her trafficker, including by Plaintiff) that were used for sex trafficking in violation of the TVPRA during the aforesaid relevant time periods.

24. Defendant rented rooms at the Subject Hotel to individuals Defendant knew or should have known were engaged in sex trafficking, including Plaintiff, in violation of the TVPRA.

25. Plaintiff's trafficker used proceeds derived from the sex trafficking occurring on the Subject Hotel premises to continue to pay for the rooms rented at said hotel during the time that Plaintiff was being sex trafficked there in violation of the TVPRA.

26. Defendant received financial benefit including from Wi-Fi services, which in part enabled the sex trafficking to occur, as Plaintiff was advertised by her trafficker online through multiple commercial sex advertising platforms using the Subject Hotel's Wi-Fi service.

27. During the relevant time period alleged herein, Defendant took part in a common undertaking or enterprise involving risk and potential profit with Plaintiff's trafficker that violated the TVPRA as to Plaintiff herein.

28. Operating hotels and renting out rooms is an enterprise involving risk and potential profit.

29. Defendant's operation of the Subject Hotel and renting out of rooms to Plaintiff's trafficker (or at the direction of the trafficker, including by Plaintiff) was an enterprise involving risk and potential profit which violated the TVPRA as to Plaintiff herein.

30. Defendant G6 HOSPITALITY PROPERTY LLC's association with Plaintiff's sex trafficker constituted a venture because Plaintiff's trafficker had prior commercial dealings with Defendant at the Subject Hotel premises by means of rooms repeatedly rented by the trafficker (or at the direction of the trafficker, including by Plaintiff) during the time period of Plaintiff's trafficking, which Defendant knew, or should have known, were being used for sex trafficking of Plaintiff in violation of the TVPRA, and which the parties wished to continue for profit.

31. Defendant's repeated rental of rooms to Plaintiff's trafficker (or an individual renting at the direction of the trafficker, including Plaintiff) at the Subject Hotel was not a standard arm's-length transaction, but rather the repeated room rental transactions which occurred during the time that Plaintiff was trafficked at the Subject Hotel were colored by overt indicators of sex trafficking such that Defendant knew, or should have known, that Defendant was renting rooms to individuals engaged in sex trafficking, and of Plaintiff in particular, in violation of the TVPRA.

32. A continuous business relationship existed between Defendant's hotel, its agents, employees and staff, and Plaintiff's trafficker's sex trafficking business in that Defendant provided assistance, support, or facilitation to Plaintiff's trafficker at the Subject Hotel by repeatedly renting rooms to individuals Defendant knew or should have known were involved in sex trafficking on the premises in violation of the TVPRA, including as to Plaintiff herein, and in doing so facilitated the venture's success.

33. Defendant knowingly benefited from this venture or enterprise involving risk and potential profit, which was in violation of the TVPRA as to Plaintiff herein, by receiving payment for the rooms rented by Plaintiff's trafficker (or at the direction of her trafficker, including by Plaintiff) at the Subject Hotel that were used for sex trafficking, including as to Plaintiff, during the aforesaid relevant time periods.

34. Defendant participated in a venture by operating the Subject Hotel and renting rooms to individuals that Defendant knew or should have known were involved in sex trafficking, including as to Plaintiff herein, in violation of the TVPRA.

35. Defendant participated in a venture that Defendant knew or should have known was trafficking Plaintiff at Defendant's hotel in violation of the TVPRA.

36. Defendant knew or should have known that the undertaking or venture violated the TVPRA as to Plaintiff.

37. Defendant knew or should have known about the nature of the sex trafficking occurring at Defendant's Subject Hotel, including as to Plaintiff, a victim, due to the many red flags then and there existing, including but not limited to:

a. Steady foot traffic of sex buyers to the trafficker's rented rooms to engage in sex acts with Plaintiff at the Subject Hotel;

b. Plaintiff was visible to Defendant's staff at the Subject Hotel on hotel grounds and during direct interactions, appearing visibly impaired by controlled substances, wearing sexually explicit and revealing clothing, and bearing visible bruising on her arms and body, including swollen black eyes, consistent with physical abuse;

c. Plaintiff was solicited in the lobby and hallways of the Subject Hotel while wearing revealing clothing;

d. Inside the hotel rooms rented by Plaintiff at the direction of the trafficker at the Subject Hotel there were suspicious people and suspicious items including controlled substances, drug paraphernalia, condoms, condom wrappers, lubricant, and cash, which were observed by housekeeping staff or should have been so observed;

e. The rooms utilized at the Subject Hotel exhibited signs of commercial sex work;

f. Plaintiff was advertised by her trafficker for commercial sex acts online through multiple commercial sex advertising platforms using Wi-Fi available at the Subject Hotel, including but not limited to Erotic Monkey, Skipthegames, Tryst.link, and Slixa;

g. Plaintiff's trafficker physically assaulted Plaintiff on the Subject Hotel premises, resulting in visible bruising on Plaintiff's arms and body, including swollen black eyes;

h. Plaintiff's trafficker actively sold and distributed controlled substances including methamphetamine and heroin on the Subject Hotel premises, including in the parking lot and outside the hotel, in a manner that was known or observable to Defendant's staff;

i. Defendant's front desk staff observed Plaintiff being escorted through the hotel lobby to rented rooms on multiple occasions;

j. Plaintiff and her trafficker engaged in frequent and audible arguments, including loud noises and screaming, at the Subject Hotel which were heard and witnessed by Defendant's staff;

k. Plaintiff was under the influence of controlled substances, including methamphetamine and heroin, during the time period of her trafficking;

l. Plaintiff greeted sex buyers in the lobby of the Subject Hotel while wearing a robe, and escorted them to rented rooms;

m. Inside the hotel rooms rented for Plaintiff's trafficking, there were sexually explicit items including skimpy clothing on the bed, a basket of condoms

positioned next to the bed, baby wipes, hand wipes, and hand sanitizer, which indicated the rooms' use for commercial sex work;

n. Despite at one point Plaintiff being placed on Defendant's “Do Not Rent” list for not checking out on time, a member of Defendant's front desk staff, a short Asian female, repeatedly allowed Plaintiff and her trafficker to rent rooms using cash payments made outside normal booking procedures, indicating knowledge of and collusion with the trafficking enterprise;

o. When Plaintiff's trafficker physically assaulted her resulting in a black eye, Plaintiff sought help at the front desk, and the aforementioned Asian female front desk staff member provided Plaintiff with ice, thereby observing the visible signs of abuse consistent with trafficking and failing to report or intervene;

p. Other commonly known sex trafficking red flags which Defendant knew or should have known of had anti-trafficking measures been timely and properly implemented at the hotel.

38. Defendant's staff at the Subject Hotel witnessed and observed on a regular and frequent basis signs and indicators of sex trafficking including the items set forth in paragraph 37 above.

39. When being trafficked at the Subject Hotel intermittently from April 2020 through September 4, 2020, Plaintiff interacted with Defendant's staff on a frequent basis, and Defendant's staff witnessed and observed Plaintiff, her trafficker, as well as a frequent procession of sex buyers going in and out of the rented rooms, contemporaneous with other signs and indicators of trafficking occurring on the Subject Hotel premises.

40. Plaintiff knows that some of the individuals that witnessed and observed red flags indicative of sex trafficking were staff members in that the staff were readily identifiable to Plaintiff either by her knowing of the individual and/or by means of the staff wardrobe, nametag, hotel logo, and/or by means of a staff member being in an employee-restricted area.

41. Defendant's involvement and failure, by its agents, servants, staff, and employees, to timely and properly prevent the sex trafficking or timely intervene regarding same was a proximate and competent cause and substantial factor in causing Plaintiff's severe injuries in this case including, but not limited to, being the victim of sex trafficking when at the Subject Hotel and suffering personal injury and the trauma physically and mentally of being induced to engage in commercial sex with multiple sex buyers per day, while being trafficked, and while simultaneously being under fear of severe harm if she did not comply, including as a result of being physically assaulted by her trafficker.

42. Defendant, during the relevant time period, could deny accommodation and/or eject a guest for a number of reasons including, but not limited to: (1) guest visibly under the influence of drugs or alcohol; (2) guest creating a nuisance to the public; (3) guest

believed to use a hotel room for unlawful purposes; (4) guest using hotel amenities and premises for unlawful acts; (5) guest bringing in extra unregistered guests; (6) guest's behavior reasonably disturbing other guests; (7) guest violating other rules set by the hotel; and (8) other indicated reasons.

43. Plaintiff being sex trafficked at Defendant's Subject Hotel was a proximate cause, competent cause, and substantial factor in causing her severe and permanent injuries including but not limited to personal injuries, the horror of being a victim of sex trafficking, and significant levels of psychological trauma due to the levels of abuse she endured during the time she was trafficked. This trauma led to depression, anxiety disorders, and post-traumatic stress disorder ("PTSD"), which in turn affects daily functioning.

44. As a direct and proximate result of Defendant's involvement and multiple failures to act, mandate, and establish and execute anti-trafficking measures and modify their anti-trafficking efforts at the Subject Hotel, Plaintiff was sex trafficked, sexually exploited, and victimized repeatedly at Defendant's Subject Hotel in violation of the TVPRA.

45. As a consequence of being sex trafficked at the Subject Hotel, Plaintiff suffered and will continue to suffer substantial economic, physical, mental, emotional, psychiatric, and psychological injuries as the result of being trafficked and sexually exploited at the Subject Hotel in violation of 18 U.S.C. § 1591.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as identified in the above-referenced Count and as follows:

a. All available compensatory damages for the described losses with respect to the above cause of action;

b. Past and future emotional distress;

c. Consequential and/or special damages;

d. All available noneconomic damages, including without limitation pain, suffering, and loss of enjoyment of life;

e. Physical pain and suffering;

f. Disgorgement of profits obtained through unjust enrichment;

g. Restitution;

h. All damages allowable under the TVPRA;

i. Reasonable and recoverable attorney's fees;

j. Punitive damages with respect to each cause of action;

k. Costs of this action; and

l. Pre-judgment and all other interest recoverable.

**DEMAND FOR JURY TRIAL**

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated: June 9, 2026

RESPECTFULLY SUBMITTED,

/s/ Jason Byrd

Jason Byrd
THE BYRD LAW FIRM
448 Orleans
Beaumont, TX 77701
Telephone: (409) 924-0660
Facsimile: (409) 924-0035
jason@txbyrd.com

Randolph Janis, Esq.
DOUGLAS AND LONDON, P.C.
One State Street, 35th Floor
New York, NY 10004
Telephone: (212) 566-7500
Facsimile: (212) 566-7501
rjanis@douglasandlondon.com

Chloe Makowsky, Esq.

DOUGLAS AND LONDON, P.C.
One State Street, 35th Floor
New York, NY 10004
Telephone: (212) 566-7500
Facsimile: (212) 566-7501
cmakowsky@douglasandlondon.com

Attorneys for Plaintiff